IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID WALKER, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 08-0530-CG-M |
| BIOGISTICS, INC., and KAMBIZ POURREZAEI, | : |
| Defendants. | : |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 8) recommending that defendant's motion to dismiss (Doc. 2) be denied, the defendants' objection to the report and recommendation (Doc. 11), and plaintiff's response to the objection (Doc. 24). Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the magistrate judge and finds that the motion to dismiss is due to be denied.

Defendants' motion to dismiss asserts that this court lacks in personam jurisdiction over them. The magistrate judge found that defendants maintain the requisite minimum contacts with the State of Alabama and that defendants had failed to demonstrate that this court's exercise of jurisdiction over them would be unreasonable or unfair. Specifically, the magistrate judge

1

found that "[p]laintiff's claim for fraudulent misrepresentation satisfies the 'Calder effects test' as Defendants committed an intentional tort expressly aimed at [plaintiff] in Alabama."[1]

Defendants object to in personam jurisdiction being based on the fraudulent misrepresentation claim because they assert that the claim is due to be dismissed as a matter of law. Defendants argue that they cannot be guilty of misrepresentation because language in the contract between the parties negates the requisite element of reliance. Defendants cite Hinson v. Center Court Productions, 514 So.2d 1374 (Ala. 1987), which held that the plaintiff in that case could not maintain a claim for misrepresentation because the alleged prior misrepresentation directly contradicted the express language of the contract between the parties. However, plaintiff contends that Hinson does not apply to the facts of this case.

In Hinson, the plaintiff's business, a telecommunications systems company, entered into an agreement with the defendant, a production company, to participate in a "Better Living Show" at a shopping mall in Dothan, Alabama. Id. at 1375. Plaintiff paid an initial payment of $250 and began preparing for the show. However, the contract contained language stating that all contracts were subject to mall approval and, before the show, the mall disapproved of the contract. Id. The approval or disapproval of the contract was exclusively within the authority of the mall association. Id. at 1376. The plaintiff was told that he could not participate in the show and that his $250 would be returned. Id. at 1375. The Court found that plaintiff had a duty to read and understand the contract and found that the plaintiff acted unreasonably in not inquiring

---

[1] The "Calder effects test" refers to the test delineated in Calder v. Jones, 465 U.S. 783 (1984). As stated by the magistrate judge, the "Calder effects test" for personal jurisdiction requires "the commission of an intentional tort [] expressly aimed at a specific individual in the forum whose effects were suffered in the forum." (Doc. 22, p. 7) (quoting Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008)).

of the mall authorities as to the status of his participation in the show prior to his preparing for the show. Id. at 1376.  The plaintiff's reliance on the middle man's assurance of participation in the show was found to be unjustified and, therefore, his claim for misrepresentation failed. Id.

The Hinson rational has been narrowly applied.  For instance in Crowder v. Memory Hill Gardens, Inc., 516 So.2d 602, 605 (Ala. 1987), the Court stated the following regarding Hinson's application to the case before it:

> We recognize that, in a recent case involving similar facts, this Court held that the plaintiff had proffered no factual evidence of fraud and, therefore, that summary judgment for the defendant was proper as to the plaintiff's claim for fraud. See Hinson v. Center Court Productions, Inc., 514 So.2d 1374 (Ala. 1987). In Hinson, however, the defendant was a "middleman" who solicited the plaintiff's execution of a contract that, by its terms, was subject to the approval of a third party. We held that under the contract's express terms, the defendant could not be guilty of a misrepresentation because the final approval of the plaintiff's activities under the contract was solely within the discretion of the third party. In the instant case, however, there is no "middleman," and the discount certificate was represented directly to Mrs. Crowder by an employee of Memory Hill (allegedly acting as an agent of Memory Chapel). Further, the validity of the certificate was not made subject to the approval of any third party outside the contract.

Crowder, 516 So.2d at 605 n. 3.  In the instant case, as in Crowder, the contract was not subject to the approval of a third party and the defendants did not act as middlemen with regard to the contract.  Clearly the facts of Hinson are different than those before the court in this case. Nevertheless, it remains the duty of each participant to read and understand the terms of its contract and to act accordingly.  See Webb v. Reese, 505 So.2d 321 (Ala. 1987).  "[R]eliance upon a contrary statement, even if the statement is false, must be 'reasonable' under the circumstances, before the law will require the speaker to respond in damages for fraud." Curtis v. Bill Byrd Automotive, Inc., 579 So.2d 590, 596 (Ala. 1990) (citations omitted).

Defendants assert that plaintiff could not have relied on the alleged misrepresentations because they were oral and the contract expressly states that its terms "shall not be amended or modified except by a writing executed by both parties." The contract further states that it "represent[s] the entire understanding of the parties concerning the subject matter [of the agreement]." However, the alleged misrepresentation was made after the execution of the contract and, concomitantly, it was not part of the original understanding of the parties. While the contract states that modifications must be in writing, Alabama law provides that a written agreement may be modified by a subsequent oral agreement of the parties, "even where the contract contains a requirement that all modifications be in writing." Ex parte Coleman, 861 So.2d 1080, 1084 (Ala. 2003) (citing Duncan v. Rossuck, 621 So.2d 1313, 1315 (Ala. 1993)). As the Supreme Court of Alabama explained:

> The rule allowing proof of an oral modification notwithstanding a requirement that all changes to a contract must be in writing is based upon the premise that a party who has included such a provision in a contract for that party's benefit can certainly waive that provision.

Coleman, 861 So.2d at 1084 (quoting Duncan supra). Thus, defendants cannot demonstrate merely by pointing to the contract language that plaintiff's reliance was unreasonable or unjustified as a matter of law.

## CONCLUSION

After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

It is **ORDERED** that Defendants' Motion to Dismiss be **DENIED** (Doc. 2).

**DONE and ORDERED** this 24th day of March, 2009.

                                          /s/   Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE