IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID WALKER, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 08-0530-CG-M |
| BIOGISTICS, INC., KAMBIZ POURREZAEI, and IN MOTION ASSETS, LLC., | : |
| Defendants. | : |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion for partial summary judgment. (Doc. 84). After review of the pleadings and in light of defendants' failure to respond, the court finds that plaintiff's motion is due to be granted.

## FACTS

Plaintiff's action seeks damages for breach of contract and for fraudulent misrepresentation. (Amended Complaint, Doc. 39). Defendants, Kambiz Pourrezaei and Biogistics, Inc., answered the complaint and each asserted 29 affirmative defenses (Docs. 32, 33). Defendant, In Motion Assets, LLC ("IMA"), answered the complaint and asserted seven affirmative defenses. (Doc. 56). On November 6, 2009, plaintiff moved for partial summary

1

judgment, seeking summary judgment as to IMA's second[1] and sixth[2] affirmative defenses and as to Biogistics' and Pourrezaei's second[3] and fourth[4] affirmative defenses. Plaintiff asserts that IMA has not made any initial disclosures identifying any witnesses or documents that would support its defenses. Plaintiff also states that he served defendants, Biogistics and Pourrezaei, with interrogatories requesting that they provide all facts that they contend supported their second and fourth affirmative defenses and Biogistics and Pourrezaei failed to respond or identify any facts that would support the defenses.

Any party opposing the motion was ordered to file a response in opposition on or before November 27, 2009. (Doc. 87). On December 28, 2009, the court noted that no opposition had been filed to plaintiff's motion and viewing the non-response as an oversight, granted defendants an extension until January 4, 2010, to file responses in opposition. (Doc. 94). The court warned that "[failure to respond will be deemed as the defendants' concession to the issues raised in the

---

[1] IMA's second affirmative defense asserts that plaintiff "failed to mitigate his damages."

[2] IMA's sixth affirmative defense asserts plaintiff's "claims are barred in whole or in part based on the doctrine of failure of consideration."

[3] Both Biogistics and Pourrezaei assert in their second affirmative defense that plaintiff "failed to mitigate his damages."

[4] Both Biogistics and Pourrezaei assert the following in their fourth affirmative defense: "Defendant incorporates by reference and pleads all affirmative defenses of Rule 8 of the Alabama Rules of Civil Procedure and Federal Rules of Civil Procedure, including, but not limited to, accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; lack of privity; unclean hands; lack of judicial controversy; ratifications; consent and acquiesce; and any other matter constituting an avoidance or affirmative defense."

2

plaintiff's motion, and the motion for partial summary judgment will be granted." (Doc. 94). To date, no opposition has been filed.

## **LAW**

## **II. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to plaintiff's motion, the court, after review of the pleadings, finds the motion is due to be granted.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for partial summary judgment, seeking judgment as to IMA's second and sixth affirmative defenses and as to Biogistics' and Pourrezaei's second and fourth affirmative defenses (Doc. 84) is **GRANTED**.

**DONE and ORDERED** this 14th day of January, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE